## THE STATE v. MELICK.

1. **Criminal Evidence**: ARSON: TRACKS OF DEFENDANT'S HORSE. Evidence that certain horse-tracks led from the place where the arson was committed to defendant's barn, and that the tracks corresponded in size to the feet of defendant's horse, *held* insufficient to sustain a verdict of guilty, without other evidence connecting defendant with the crime; and the other evidence offered against defendant in this case (see opinion) was as consistent with his innocence as with his guilt.

2. ———: ———: ———. In such case defendant should have been allowed to show that his horse could not wear a shoe of the size of the track in question.

3. ———: CROSS-EXAMINATION: PRACTICE. Where a witness testifies in chief to a conversation, his cross-examination should be confined to the same subject.

*Appeal from Buchanan District Court.*

TUESDAY, APRIL 7.

THE defendant was indicted for the crime of setting fire to and burning fifteen stacks of hay, the property of one Small. The cause was tried, and the defendant found guilty, and he appeals.

*H. W. Holman* and *H. Boies*, for appellant.

*Smith McPherson*, Attorney-general, for the State.

ROTHROCK, J.—The hay was burned in the night-time. The fire was discovered while the stacks were burning, and Small, the owner of the hay, and others, collected at the fire, and were on the ground at daylight next morning. They

discovered certain horse-tracks leading up near where the hay had been stacked, and then away from the place. The defendant and Small owned and resided on adjoining farms. Small, and some three or four others, followed these horse tracks up near to the defendant's barn. They measured the tracks with a stick, and went to defendant's barn, and, with defendant's consent, they measured the feet of a horse belonging to defendant, and which was in the barn. Small claimed that the tracks found leading to and away from his stack-yard were made by the defendant's said horse. He made this claim in the presence of the defendant. This alleged similarity between the tracks and the shoes on the horse was the principal fact relied upon to convict the defendant of the crime. It is true, there had been some ill feeling between the parties previous to that. The defendant claimed that he had an account against Small, which he assigned to another person, who commenced suit upon it. Small set up a counter-claim, and recovered judgment for costs. A witness testified that some two or three weeks before the fire the defendant, in speaking of the lawsuit, said: "This is not the end of it."

We have carefully examined the testimony relating to what occurred on the day after the fire. There were two or three interviews between Small and his friends on one side, and the defendant on the other side. After the first measurement of the shoes on the horse, Small and his friends desired to measure the shoes again, and defendant objected, but afterwards consented that it might be done. A day or two after the fire, the defendant took the horse to a blacksmith and had the shoes removed, and nailed together and marked by the blacksmith, so that he could identify them. The question as to whether the tracks were made by the defendant's horse was disputed clear through the trial. But, suppose it be conceded that they were made by said horse, what does it establish? We think a jury would be warranted in finding therefrom that the stacks were fired by some one

who rode the horse to the stacks. And, if there were any other evidence in the case pointing to the defendant as the guilty party, the fact that his horse was at the place where the fire occurred would be a strong circumstance against him. But, without such evidence, the tracks amount to no more than mere suspicion. The defendant's barn stood open, and, unless there is other evidence connecting the defendant with the crime, how can it be said that the defendant was the criminal?

We have searched the record in vain for any other evidence against the defendant. Every act done and declaration made by him after the fire is as consistent with innocence as it is with guilt. His refusal to have the mare's shoes measured the second time was just as fairly attributable to the indignation of an innocent man at being accused of a high crime as it was to a desire to conceal the evidence of a crime he had committed. We are satisfied that there was not sufficient evidence to warrant a verdict of guilty.

II. In view of a new trial, we deem it proper to say that the defendant should have been permitted to show that the horse in question could not wear a shoe of the dimensions given as the size of the track measured by Lewis Small. The declaration of the defendant, made after the fire, that he would "make Small wish he had left him alone before he left him," ought not to have been introduced in evidence. Whatever of hostility to Small was evinced thereby might quite as well be attributed to the accusation made against defendant for burning the hay as to any previous malice or ill-will, and the cross-examination of the witness Blank should have been confined to the subject of conversation to which he testified in his examination in chief.

REVERSED.